IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KATHLEEN D. LIEBERMAN and MARK J. LIEBERMAN,   Plaintiffs, | ) ) ) ) ) ) |
| v. | ) )  No.: 4:23-CV-00887 |
| JUSTIN PAUL and WENDY WALKER,   Defendants. | ) ) ) ) ) ) |

**MOTION OF DEFENDANTS TO DISMISS AMENDED COMPLAINT
FOR LACK OF SUBJECT-MATTER JURISDICTION; OR,
ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; AND
MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**

Defendants Justin Paul and Wendy Walker move the Court to dismiss the amended complaint for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) and (b)(1) of the Federal Rules of Civil Procedure; or, alternatively, for an order requiring the Plaintiffs to provide a more definite statement of allegations to support their claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The Defendants also move the Court for an award of attorney's fees, costs, and expenses required for their defense of the amended complaint. In support of their motions, the Defendants state as follows:

**INTRODUCTION**

The minor child who is the subject of this action has been in a court-ordered guardianship in the State of Oklahoma since just days after the untimely death of her mother. The District Court of Tulsa County, Oklahoma has exclusive and continuing jurisdiction over matters pertaining to the custody of, and visitation with, the minor child. Because this Court has no subject-matter jurisdiction over matters pertaining to the subject guardianship, including matters concerning

visitation with the minor child, the Court should dismiss the amended complaint and award attorneys' fees and costs to the Defendants for their defense of the baseless action.  Should the Court decide to exercise jurisdiction over this case, the Court should require the Plaintiffs to make more definite their statement of allegations supporting their purported claims.

## STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

1. Whether the Court should dismiss the amended complaint pursuant to Rule 12(h)(3) and (b)(1) of the Federal Rules of Civil Procedure due to the lack of subject-matter jurisdiction because the District Court of Tulsa County, Oklahoma has exclusive, and continuing, jurisdiction over matters pertaining to the custody of, and visitation with, the minor child pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act.

2. Whether the Court should dismiss the amended complaint pursuant to Rule 12(h)(3) and (b)(1) of the Federal Rules of Civil Procedure because the Plaintiffs wrongly assert that, as grandparents, they have the right under the U.S. Constitution to visitation with the minor child, which they assert serves as original jurisdiction for their supplementary state-law claims.

3. Were the Court to retain jurisdiction, and in the alternative, whether the Court should order the Plaintiffs to make a more definite statement of the allegations supporting their state law claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

4. Whether the Court should order the Plaintiffs to pay the attorney's fees, expenses, and costs of the Defendants in having to defend this matter.

## BACKGROUND OF THE CASE

On August 13, 2022, T.A.J. (the "Minor Child") was found in her home alone with her deceased mother, Alexandra Paul ("Natural Mother") whom she had been attempting to awaken from sleep for two days from an apparent drug overdose. (Incident Report, attached hereto as Ex. 1.)  T.A.J. used Natural Mother's phone to call Wendy Walker, her aunt ("Ms. Walker"), who is

one of the two named defendants in this action. After processing the scene, the Sheriff's Office released T.A.J. to Jason Paul ("Mr. Paul"), who is Ms. Walker's husband, Natural Mother's half-brother, T.A.J.'s uncle, and the other named defendant in this action. (Incident Report, Ex. 1.) T.A.J.'s putative father, Trever Jester, was incarcerated at the time. (*See* Tex. D.P.S. Criminal History Conviction Name Search, attached hereto as Ex. 2, at 18-19.)

Pursuant to Oklahoma Statutes, the "court may *without notice* appoint a special guardian upon the filing of the petition, upon presentation of evidence of the incapacity of the subject of the proceeding, upon a showing that an immediate or reasonably foreseeable serious physical harm to the subject of the proceeding . . . will result from a delay, and upon presentation of a proposed emergency plan of care for the subject of the proceeding." Okla.Stat.tit. 30, § 3-115 (emphasis added). The Indian Child Welfare Act ("ICWA") likewise provides for emergency placement:

> Nothing in this subchapter shall be construed to prevent the emergency removal of an Indian child who is a resident of or is domiciled on a reservation, but temporarily located off the reservation, from his parent or Indian custodian or the emergency placement of such child in a foster home or institution, under applicable State law, in order to prevent imminent physical damage or harm to the child. . . .

25 U.S.C. § 1922.

The minor child has been in a court-ordered guardianship pursuant to the laws of the State of Oklahoma since just days after she was found. Pursuant to Oklahoma law, the "fact of the existence of a guardianship . . . shall not be considered confidential information"; however, all other information concerning a guardianship is confidential information which "shall be strictly controlled." Okla.Stat.tit. 30, § 1-122. "Upon appropriate request by a court . . . of another state, the court shall forward a certified copy" of the orders or other pertinent records. Okla.Stat.tit. 43, § 551-112; Tex. Family Code § 152.112. In short, absent a court order or request, the factual and legal bases pertaining to the guardianship are strictly protected from disclosure.

## ARGUMENT AND AUTHORITIES

**I.    The Liebermans' Amended Complaint Must Be Dismissed Due to Lack of Subject-Matter Jurisdiction**

The Liebermans assert that they are entitled to equitable relief as well as nominal and punitive damages for the purported failure of the court-appointed guardians to allow them visitation with T.A.J.  Am. Compl. at 5-6 (ECF 3).  Because the District Court of Tulsa County, Oklahoma, has exclusive jurisdiction over matters pertaining to the custody of, and visitation with, T.A.J., the Liebermans' amended complaint must be dismissed pursuant to Rule 12(h)(3) and (b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also*, Fed. R. Civ. P 12(b)(1).  Both the State of Oklahoma and the State of Texas have adopted and enacted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").  *See* Okla.Stat.tit. 43, §§ 551-102, et seq., and Tex. Family Code §§ 152.001, et seq.  Pursuant to the UCCJEA, the District Court of Tulsa County, Oklahoma had the statutory authority to exercise emergency jurisdiction over T.A.J.  *See* Okla.Stat.tit. 43, §§ 551-204, 551-102; Tex. Family Code §§ 152.204, 152.102.  The District Court of Tulsa County had, and has, exclusive and continuing jurisdiction over the now-general guardianship.  *See* Okla.Stat.tit. 43, § 551-202; Tex. Family Code § 152.202.  Once jurisdiction is determined, a court of another state "may not modify a child custody determination made by a court of another state" except in limited circumstances which are not applicable here.  *See* Okla.Stat.tit. 43, § 551-203; Tex. Family Code § 152.203.  Included within its jurisdiction and statutory requirements are that the Oklahoma district courts determine matters concerning visitation.  *See* Okla.Stat.tit. 30, §§ 2-109, 1-114; Okla.Stat.tit. 43, § 109.

Further, pursuant to the UCCJEA, state courts must accord full faith and credit to an order issued by another state consistent with the UCCJEA.  Okla.Stat.tit. 43, § 551-313; Tex. Family Code § 152.313.  Furthermore, "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451, 1455 (5th Cir. 1986) (quoting *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984)); *see also*, U.S. Const. art. 4, § 1; 28 U.S.C. § 1738.

Because the District Court of Tulsa County, Oklahoma has exclusive jurisdiction over matters concerning visitation with T.A.J., there is no legal basis for a state or federal court in Texas to exercise jurisdiction over the purported claims of the Liebermans.  More specifically, Texas Family Code § 153.432 may not be invoked by the Liebermans in this Court to request possession of, or assess to, T.A.J. because the Tulsa County District Court has exclusive jurisdiction over matters pertaining to the custody of, or visitation with, T.A.J.  Further, if the Liebermans had requested that the District Court of Tulsa grant them visitation – which the Defendants dispute – there would be no basis under the law – nor do they cite any – for the purported denial of a court to grant visitation that could serve as a basis for the recovery for purported monetary damages.

Accordingly, the Court must dismiss the Liebermans' amended complaint pursuant to Rule 12(h)(3) and (b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.

**II.    The Court Should Dismiss the Liebermans' Amended Complaint for Lack of Subject-Matter Jurisdiction Because There Is No Federal Constitutional Right of Grandparents to Visitation and No Basis for Supplemental Jurisdiction**

The Liebermans assert that the Court has diversity jurisdiction over this action; however, they also assert that the Court should exercise jurisdiction over their state-law claims based on supplemental jurisdiction.  Am. Compl. at 1-2 (ECF 3).  They assert that the Court should exercise

supplemental jurisdiction over their state-law claims based on a violation of their purported right to grandparent visitation. Am. Compl. at 1-2 (ECF 3).

Pursuant to 28 U.S.C. § 1367, the federal district courts may only exercise supplemental jurisdiction "in a civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). The U.S. Supreme Court has ruled that grandparents have no constitutional right to custody or visitation. *See Troxel v. Granville*, 530 U.S. 57 (2000). Therefore, based on the Liebermans' assertions, because there is no basis for the Court to exercise original jurisdiction, there is no basis for the Court to exercise supplemental jurisdiction over their state-law claims.

Accordingly, pursuant to their assertions and Rule 12(h)(3) and (b)(1) of the Federal Rules of Civil Procedure, the Court should dismiss the Liebermans' amended complaint for lack of subject-matter jurisdiction.

### III.    Motion for a More Definite Statement

If the Court were to exercise jurisdiction over their purported claims, the Court should order the Liebermans, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to make more definite their statement of claims.

According to the Liebermans, they "maintained custody and guardianship" of T.A.J. from 2017 to 2020 and "collectively invested amounts exceeding $78,000 into home renovations exclusively tailored for the occupancy" of T.A.J. as well as other purported out-of-pocket expenses. Am. Compl. at 4, 6 (ECF 3). Thus, even if any of the facts supporting the Liebermans' claims as to their purported custody and guardianship of T.A.J. were true—which Ms. Walker and Mr. Paul dispute[1]—the Liebermans' purported expenditure of funds occurred during T.A.J.'s Natural Mother's lifetime. Am. Compl. at 4, 6 (ECF 3). Accordingly, any purported claims for

---

[1] For instance, prior to Natural Mother's passing, Ms. Walker and Mr. Paul also had legal guardianship of T.A.J. from August 2019 until November 2019, and again from January 2020 to October 2020.

any purported losses should be against the estate of the Natural Mother—Ms. Lieberman's late daughter—not the court-appointed co-guardians.  Therefore, if the Court does not dismiss this action due to its lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, the Court should require the Liebermans to make more definite their claims.

**IV.     The Court Should Award Costs, Fees, and Expenses to the Defendants**

Pursuant to the UCCJEA, a "court shall award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney's fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate."  Okla.Stat.tit. 43, § 551-312, Tex. Family Code § 152.312.

It would be difficult to imagine a case more compelling than this for the award of costs, fees, and expenses—where an attorney brought a federal action against court-appointed guardians based on misrepresentations of fact and in flagrant disregard for basic principles of law and procedure.  Their sole purpose is to harass the court-appointed guardians.  That it is also short-sighted is best exemplified by the fact that they are attempting to bankrupt and inflict mental and emotional strain on the two people appointed by the court to take care of T.A.J.  That the Liebermans do not have the best interest of the Minor Child in mind is also demonstrated by their failure to follow the basic rules for protecting the confidentiality of T.A.J. in filing the complaint and amended complaint—with T.A.J.'s full name and none of her confidential information redacted.  *See* Compl. (ECF 1); Am. Compl. (ECF 3); Fed. R. Civ. P. 5.2.

The Court can discourage the improper behavior of an attorney and his spouse from using the federal court to harass court-appointed guardians by, at a minimum, requiring that the Liebermans pay the entirety of the costs, fees, and expenses of the defendants in defending this

7

improper action. Accordingly, Ms. Walker and Mr. Paul respectfully request that the Court award the entirety of their costs, fees, and expenses in defending this improper action.

## CONCLUSION

Because there is no basis for the Court to exercise jurisdiction over this matter, the Court should dismiss the amended complaint for lack of subject-matter jurisdiction. In the alternative, the Court should order the Plaintiffs to make a more definite statement of their purported claims. The Court should also award the Defendants the entirety of their attorney's fees, costs, and expenses in defending this action.

Respectfully submitted,

/s/ David C. Youll
_____
David C. Youll, OBA No. 16553
Attorney and Counselor at Law
Welsh & McGough, PLLC
Midway Building
2727 E. 21st St., Ste. 600
Tulsa, Oklahoma 74114
Telephone:  918.585.8600
Telefax:  918.794.4411
david@tulsafirm.com
www.tulsafirm.com

Attorney for Defendants
Justin Paul and Wendy Walker

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the above and foregoing motion was filed via the Court's CM/ECF system on December 4, 2023, which caused an electronic copy of the same to be served on the following counsel of record:

Mark Lieberman
1704 Pine Hills Lane
Corinth, Texas  76210
Mjc358@hotmail.com

/s/ David C. Youll
_____
David C. Youll