IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KATHLEEN D. LIEBERMAN and MARK J. LIEBERMAN | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    No.: 4:23-CV-00887 ) |
| JUSTIN PAUL and WENDY WALKER, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND 12(b)(6)**

Comes now Defendants Justin Paul and Wendy Walker in response to the petitioner's reply to the defendants' motion to dismiss the amended complaint (EFC 12) and the defendant's motion to dismiss pursuant to 12(b)(6) (ECF 13) re-urges the statutory, case law, and analytical analysis provided in defendant's original motions.  While the defendants filed two separate motions, the plaintiffs responded, in some fashion, to each motion collectively as well as proposing new issues to the Court.  The plaintiff's document entitled *MOTION TO INVALIDATE GUARDIANSHIP, MOTION FOR SOLUTION, MOTION FOR ATTORNEY FEES, COSTS AND EXPENSE* will be addressed as a" response" while its title and content appear to be submitting to the court a new motion, not one rebutting any of the arguments put forth in defendant's motions.  The defendant informs the court for its convenience and expeditious use of its time, sections entitled **INTRODUCTION** and **CASE HISTORY** of this motion are recitations from the defendant's original motions.

## INTRODUCTION

The minor child who is the subject of this action has been in a court-ordered guardianship in the State of Oklahoma since just days after the untimely death of her mother.  The District Court of Tulsa County, Oklahoma has exclusive and continuing jurisdiction over matters pertaining to the custody of, and visitation with, the minor child.  Because Texas law does not apply other than to recognize the jurisdiction of the Oklahoma court; there is no constitutional right to grandparent visitation, and the Plaintiffs' allegations constitute an improper collateral attack on a state court order, the Court should dismiss the amended complaint and award attorneys' fees and costs to the Defendants for their defense of the baseless action.  Should the Court decide to exercise jurisdiction over this case, the Court should require the Plaintiffs to make more definite statements of allegations supporting their purported claims.

## CASE HISTORY

On August 13, 2022, T.A.J. (the "Minor Child") was found in her home alone with her deceased mother, Alexandra Paul ("Natural Mother") whom she had been attempting to awaken from sleep for two days from an apparent drug overdose. (Incident Report, attached hereto as Ex. 1.)  T.A.J. used Natural Mother's phone to call Wendy Walker, her aunt ("Ms. Walker"), who is one of the two named defendants in this action.  After processing the scene, the Sheriff's Office released T.A.J. to Jason Paul ("Mr. Paul"), who is Ms. Walker's husband, Natural Mother's half-brother, T.A.J.'s uncle, and the other named defendant in this action.  (Incident Report, Ex. 1.)  T.A.J.'s putative father, Trever Jester, was incarcerated at the time.  (*See* Tex. D.P.S. Criminal History Conviction Name Search, attached hereto as Ex. 2, at 18-19.)

Pursuant to Oklahoma Statutes, the "court may *without notice* appoint a special guardian upon the filing of the petition, upon presentation of evidence of the incapacity of the subject of the proceeding, upon a showing that an immediate or reasonably foreseeable serious physical harm to

2

the subject of the proceeding . . . will result from a delay, and upon presentation of a proposed emergency plan of care for the subject of the proceeding." Okla.Stat.tit. 30, § 3-115 (emphasis added). The Indian Child Welfare Act ("ICWA") likewise provides for emergency placement:

> Nothing in this subchapter shall be construed to prevent the emergency removal of an Indian child who is a resident of or is domiciled on a reservation, but temporarily located off the reservation, from his parent or Indian custodian or the emergency placement of such child in a foster home or institution, under applicable State law, in order to prevent imminent physical damage or harm to the child. . . .

25 U.S.C. § 1922.

The minor child has been in a court-ordered guardianship pursuant to the laws of the State of Oklahoma since just days after she was found. Pursuant to Oklahoma law, the "fact of the existence of a guardianship . . . shall not be considered confidential information"; however, all other information concerning a guardianship is confidential information which "shall be strictly controlled." Okla.Stat. 30, § 1-122. "Upon appropriate request by a court . . . of another state, the court shall forward a certified copy" of the orders or other pertinent records. Okla.Stat. 43, § 551-112; Tex. Family Code § 152.112. In short, absent a court order or request, the factual and legal bases pertaining to the guardianship are strictly protected from disclosure.

### IN THE ALTERNATIVE TO JURISDICTIONAL ARGUMENT
### THE PETITIONER'S VARIOUS REQUESTS CONTAINED IN THEIR "RESPONSE" SHOULD BE DENIED AS INAPPROPRIATE PLEAD FOR THE COURT'S CONSIDERATION

While the defendants re-urge the statutory, case law, and analytical analysis provided in the defendant's original motions concerning the jurisdiction of this court, the petitioners in their "response" make numerous new requests and raise new never-plead issues including:

1. Adding or" adjoining" additional parties to the lawsuit; specifically: Trever Jester, Stanton and Erika Sprabary, and "family".

2. Request "Invalidation of Guardianship" granted by Tulsa County

3

3.  Requested review or takes issue with the items listed as 1-11 on page 3 of 9, identified as:

    1.  The instruments in which the defendants nominated themselves had intentional omissions and falsehoods and were procured by fraud, rendering them invalid. This includes UCCJEA, Active Effort Affidavit,
    2.  The Tulsa District Court did not validate instruments.
    3.  Insufficiency of service of process thus lacked inherent power to determine guardianship matters pursuant to §30-1-113 B.
    4.  Lack of jurisdiction. The Tulsa District Court exercised jurisdiction without notice.
    5.  ICWA violations, 1911, 1912 a. - e, 1915, 1916.
    6..  Constitutional right No Due process, Amendment 14
    7.  Forum non convenient
    8.  For abuse of his fiduciary responsibility. food stamp fraud
    9.  For continued failure to perform his duties. - ICWA active efforts, judicial contract
    10. For incapacity to perform his duties.
    11. For gross immorality. abuse

4.  General disagreement as to the proceeding and decisions of the Tulsa County District Judge.

Each of the issues put forth by the petitioner in their "response" has never appeared in a pleading and does not address, or rebut any issues raised in the defendant's motions. A party's response to a motion to dismiss or a 12(b)(6) is not the proper procedural vehicle with which to

4

present previously un-pled, statutorily unsupported issues, attempt to add additional parties, or request this court to review decisions by a state court.

Most fatal to the petitioner's position, in conjunction with the lack of court jurisdiction, the petitioners have wholly bypassed and failed to provide any evidence or information that would instill constitutional or statutory *standing as a grandparent*, visitation supervisor, or third-party non-custodial persons to raise any of the issues they now bring before the court, past or present. There has been zero evidence presented that the monetary amount supposedly expended by the petitioner was in response to a court-ordered or authorized visitation or custody issue concerning the minor child. There is no evidence that the parties entered any kind of contractual relationship that would impose a duty on the defendants to be liable for any monetary expenditures performed *voluntarily* by the petitioners. Petitioner's "response" fails to provide any legal basis, theory, or statutory authority that would entitle them to any monetary damages, which is also the partial basis for this Court's federal jurisdiction under 28 U.S.C.§ 1332(a).

The petitioner has never officially pled or affirmed that any party to this action is of Native American heritage, enrolled with a federally recognized tribe, or is eligible for enrolment. Absent compliance with this prerequisite, the issues currently pled are not subject to the ICWA and its vesting this court with jurisdiction. Additionally, or in the alternative, support of their position the petitioner's" response" directs the court's attention to the Indian Child Welfare Act (ICWEA), numerous cases that purport to vest the court with jurisdiction, and other sections of the Act the petitioners believe applicable. But this argument likewise suffers from the fatal flaw, that the *petitioners have not shown that grandparents, visitation supervisors, or third-party, non-custodial persons have standing to raise issues under the Act.*

5

Petitioner's attempt in their "response" to add or join additional parties is strictly an attempt to work around or correct the deficiency in their original complaint, as well as the amended complaint, to establish any basis for grandparents to have standing to participate in the original guardianship or standing to file the present lawsuit.

### **PETITIONERS CONTINUED VIOLATION OF OKLA.STAT. 30, § 1-122 and RULE 5.2 FEDERAL RULES OF CIVIL PROCEDURE**

As a practicing attorney, the petitioner should be aware of and adhere to Rule 5.2 included within the Federal Rules of Civil Procedure. The regulation requires the following details to be removed/redacted from court filings for the protection of individual privacy, which include:

1. Use of Social Security Numbers and taxpayer-identification numbers: Use only the LAST FOUR DIGITS.
2. Dates of Birth: Only the year of birth can be left if necessary.
3. ***Names of Minor Children***: In the case of minor children, only initials are permitted.
4. Home Address: Only if a home address must be included, use only the city and state.

Title 30 § 1-122, States as follows:

"A. Confidential information filed with or submitted to the court in conjunction with any proceeding pursuant to the Oklahoma Guardianship and Conservatorship Act, ***shall not constitute a public record and shall be sealed by the court***. Access to confidential information shall be strictly controlled. Except upon court order, no confidential information shall be disclosed to persons other than:

1. The subject of the proceeding and the subject's attorney;

2. The guardian ad litem;

3. If the subject of the confidential information is a ward, the guardian or conservator of such ward;

4. If the subject of the confidential information is the guardian or conservator, the ward and the subject's attorney, and the attorney of such guardian or conservator;

5. Abstractors licensed pursuant to the Oklahoma Abstractors Law, for the purpose of having access to records regarding minors and determinations of persons as incapacitated or partially incapacitated persons pursuant to the Oklahoma Guardianship Act. Abstractors shall maintain the confidentiality of this data, except for such parts as are relevant to the land title being researched.

6

6. An authorized representative of the United States Department of Veterans Affairs upon presentation of proper identification; and

7. An authorized representative of the Department of Human Services upon presentation of proper identification.

    B. The fact of the existence of a guardianship or conservatorship of a person or that person's estate shall not be considered confidential information."

The petitioners have continued to file numerous pleadings before this court that blatantly violate the federal rule concerning the redaction of confidential information for filed pleadings and a blatant violation of the Oklahoma statute concerning the safeguarding of confidential information developed in a guardianship case. The petitioners have consistently filed in publicly assessable pleadings the minor's name, birth date, place of birth, and date of birth in clear violations of federal guidance and Oklahoma State law.

## CONCLUSION

Because there is no basis for the Court to exercise jurisdiction over this matter, and the Plaintiffs fail to state a claim upon which relief can be granted, AND the petitioner' "response "is void of statutory authority or case law that vests the petitioners with standing to file the amended complaint or use their "response" as a means of joinder of other parties as such the complaint and amended complaint should be dismissed and attorney's fees, costs, and expenses should be awarded to Defendants.

    Respectfully submitted,

    /s/ David C. Youll
    _____
    David C. Youll, OBA No. 16553
    Welsh & McGough, PLLC
    Midway Building
    2727 E. 21st St., Ste. 600
    Tulsa, Oklahoma 74114
    Telephone:  918.585.8600
    Telefax:  918.794.4411
    david@tulsafirm.com
    Attorney for Defendants
    Justin Paul and Wendy Walker

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the above and foregoing motion was filed via the Court's CM/ECF system which caused an electronic copy of the same to be served on the following counsel of record:

Mark Lieberman
1704 Pine Hills Lane
Corinth, Texas  76210
Mjc358@hotmail.com

/s/ David C. Youll
_____
David C. Youll