IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KATHLEEN D. LIEBERMAN and<br>MARK J. LIEBERMAN,<br><br>      Plaintiffs,<br><br>v.<br><br>JUSTIN PAUL and<br>WENDY WALKER,<br><br>      Defendants. | No.: 4:23-CV-00887 |

**<u>DEFENDANTS' REPLY TO PLAINTIFFS' AMENDED RESPONSE (ECF 19) TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND 12(b)(6)</u>**

      Comes now Defendants Justin Paul and Wendy Walker in response to the Petitioners' AMENDED RESPONSE (ECF 19) reply to the Defendants' motion to dismiss the amended complaint (EFC 12) and the Defendants' motion to dismiss pursuant to 12(b)(6) (ECF 13) re-urges the statutory, case law, and analytical analysis provided in Defendants' original motions.  The Plaintiffs' document, while not entitled *AMENDED RESPONSE* to MOTION TO INVALIDATE GUARDIANSHIP, MOTION FOR SOLUTION, MOTION FOR ATTORNEY FEES, COSTS AND EXPENSE will be addressed as such.  The Defendants operate under the belief they have all the referenced exhibits identified in the Petitioners' amended response, while they are not marked in sequential order, they appear to cover a wide range of other possible exhibits: for example- 1G, 3G, 4G, 6A, 7E, 7J, 8E, Exhibit 12 Exhibit 13.

      Petitioners' "amended response" fails to provide the court with any new or additional statutory authority or case law or any new legal theory that supports their position that a third party noncustodial individual or grandparents have jurisdictional standing, either statutory or constitutional, to seek the *specific relief requested* by the Petitioners: monetary damages of

$78,000 and punitive damages, (Petitioners' amended complaint (ECF 3 at para XVII) and injunctive relief to enforce grandparent visitation.  The Petitioners' amended response provides no legal position or theory not previously pled but only continues to present to the Court issues not presented in their amended petition.  The amended response provides a lengthy case history of previous guardianships and procedural matters addressed by the Oklahoma District Court but is still void of any legal authority to allow the Petitioners under the facts of this case, to the relief that they seek.   The Petitioners continued to request relief as to issues not before the Court as well as attempting to use their response to inappropriately "join" other parties to the lawsuit.

The Petitioners directed the Court's attention on page 2 of their amended response, to the Texas family code section 153.432 that purports under our fact scenario to give biological or adoptive grandparents the ability to request "possession" or access to a grandchild, this issue has never been pled before the court in the original petition nor the amended petition, as such is not an issue the Court may grant relief.  Petitioners again attempt to interject that issue through their response/amended response to the motion to dismiss attempting to establish a foundational basis for the Court's statutory or constitutional jurisdiction to address the limited issues in the amended petition.  Additionally, the material presented to the Court in the amended response does not address or rebut the basis of the Defendants' motions to dismiss.  The Petitioners again address the two separate motions of the Defendants in a single compilation and presentation of the myriad of proposed facts and unrelated matters that again, after extrapolation, still fail to address the lack of statutory authority or case law that provides sufficient legal basis to support any remedy available for the specific issues pled in their petition.

### PETITIONERS CONTINUED VIOLATION OF OKLA.STAT. 30, § 1-122 and RULE 5.2 FEDERAL RULES OF CIVIL PROCEDURE

The Petitioners continue to flagrantly violate Rule 5.2 of the Federal Rules of Civil Procedure and Oklahoma Title 30 § 1-122, by including and publishing in a public form confidential information of parties involved in guardianship matters.  See Petitioners' exhibits: ECF DOCs 19-1, 19-4, 19-5, 19-6, 19-9.

## CONCLUSION

Because there is no basis for the Court to exercise jurisdiction over this matter, and the Plaintiffs fail to state a claim upon which relief can be granted, AND the Petitioners' "response" is void of statutory authority or case law that vests the Petitioners with standing to file the amended complaint or use their "response" as a means of joinder of other parties as such the complaint and amended complaint should be dismissed and attorney's fees, costs, and expenses should be awarded to Defendants.

Respectfully submitted,

/s/ David C. Youll
David C. Youll, OBA No. 16553
Welsh & McGough, PLLC
2727 E. 21st St., Ste. 600
Tulsa, Oklahoma 74114
Telephone:  918.585.8600
Telefax:  918.794.4411
david@tulsafirm.com
Attorney for Defendants Justin Paul/Wendy Walker

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the above and foregoing motion was filed via the Court's CM/ECF system which caused an electronic copy of the same to be served on the following counsel of record:

Mark Lieberman
1704 Pine Hills Lane
Corinth, Texas 76210
Mjc358@hotmail.com

/s/ David C. Youll
David C. Youll