IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHLEEN D. LIEBERMAN and MARK J. LIEBERMAN, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:23-cv-887-SDJ-KPJ |
| v. | § § | |
| JUSTIN PAUL and WENDY WALKER, | § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**[1]

Pending before the Court are the following motions:

- Defendants Justin Paul ("Mr. Paul") and Wendy Walker's ("Ms. Walker") (collectively, "Defendants") Motion of Defendants to Dismiss Amended Complaint for Lack of Subject-Matter Jurisdiction; or, Alternatively, Motion for a More Definite Statement; and Motion for Attorney's Fees, Costs, and Expenses (the "First Motion to Dismiss") (Dkt. 12) and Motion of Defendants to Dismiss Amended Complaint for Failure to State a Claim upon Which [Relief] Can Be Granted; or, Alternatively, Motion for a More Definite Statement; and Motion for Attorney's Fees, Costs, and Expenses (the "Second Motion to Dismiss") (Dkt. 13) (collectively, the "Motions to Dismiss") (Dkts. 12–13), to which Plaintiffs Kathleen D. Lieberman ("Ms. Lieberman") and Mark J. Lieberman ("Mr. Lieberman") (collectively, "Plaintiffs") filed a response (Dkt. 17) and an amended response (Dkt. 19), and Defendants filed replies (Dkts. 20–21);[2] and

---

[1] On August 1, 2024, the Court issued a substantively identical Report and Recommendation (Dkt. 36), to which Ms. Lieberman filed an objection (the "Objection") (Dkt. 37). In the Objection (Dkt. 37), Ms. Lieberman agreed with, and consented to, the Court's findings and conclusions, except insofar as the Court recommended fourteen days to file an amended pleading. *See* Dkt. 37 at 2. According to Ms. Lieberman, thirty days is more appropriate. *Id.* Given the unique facts of this case, discussed in greater detail herein, the Court agrees with Ms. Lieberman that additional time is warranted and, thus, issues this Report and Recommendation to grant her request.

[2] Contrary to Local Rule CV-7(a), Plaintiffs filed a single response to both Motions to Dismiss (Dkts. 12–13). *See* Dkt. 17. In addition, Plaintiffs filed an amended response after the deadline to do so had passed. *Compare* Dkt. 16 at 6, *with* Dkt. 19. Nevertheless, the Court considers the non-compliant and untimely responses for the purposes of this Report and Recommendation. Because the arguments contained therein are irrelevant and unpersuasive, its consideration will not prejudice Defendants.

However, the Court notes that, besides responding to the Motions to Dismiss (Dkts. 12–13), Plaintiffs also submit several requests for relief in their responses. *See* Dkts. 17; 19. The Court will not consider these requests at this time because every "motion . . . must be filed as a separate document." Loc. R. CV-7(a). Furthermore, Plaintiffs appear to

- Ms. Lieberman's Motion for Summary Judgment Writ Habeas Corpus Motion for Attorney's Fees, Costs, and Expense (the "Motion for Summary Judgment") (Dkt. 23), to which Defendants filed a response (Dkt. 28), and Ms. Lieberman filed a reply (Dkt. 35).

For the reasons that follow, the Court recommends that the First Motion to Dismiss (Dkt. 12) be **DENIED**, the Second Motion to Dismiss (Dkt. 13) be **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Summary Judgment (Dkt. 23) be **DENIED AS MOOT**.

## I.     BACKGROUND

On October 5, 2023, Plaintiffs, proceeding *pro se*, initiated this action by filing a complaint (the "Complaint") (Dkt. 1) against Defendants. *See* Dkt. 1. As the jurisdictional basis for their lawsuit, Plaintiffs invoked "the United States Constitution," diversity jurisdiction, supplemental jurisdiction, and the "Texas Family Code." *See id.* at 1–2. The following day, the District Judge ordered Plaintiffs to "file an amended complaint properly alleging jurisdiction." Dkt. 2 at 1. Specifically, the District Judge noted that Plaintiffs failed to adequately invoke both diversity and federal question jurisdiction. *See id.* at 1–2. On October 13, 2023, Plaintiffs filed an amended complaint (the "First Amended Complaint") (Dkt. 3). *See* Dkt. 3.

In the First Amended Complaint (Dkt. 3), Plaintiffs allege that from November 8, 2017 to November 2, 2020, they "maintained custody and guardianship" of Ms. Lieberman's grandchild, T.A.V. *Id.* at 4–5. During this time, Plaintiffs allege that they "collectively invested amounts exceeding $78,000.00 in home renovations exclusively tailored for the occupancy of their

---

seek the joinder of additional parties and claims. *See* Dkt. 19 at 1. To do so, Plaintiffs must file a motion seeking leave to file an amended complaint. *See* FED. R. CIV. P. 15(a)(2). Any such motion must be followed by the filing of the proposed pleading. *See* LOC. R. CV-7(k).

Likewise, the Court declines to consider Defendants' requests for attorney fees contained in the Motions to Dismiss (Dkts. 12–13). *See* Dkts. 12 at 7–8; 13 at 9. If Defendants wish to renew their request, they must do so by way of a separate motion within the time parameters prescribed by Rule 54 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 54(d)(2); *Can Capital Asset Servicing v. Bonnie Ruth's Allen LLC*, No. 20-cv-792-SDJ, 2021 WL 8693521, at *2 & n.6 (E.D. Tex. June 3, 2021) (denying a request for attorney fees contained in a motion for default judgment based in part on the fact that the request was not filed as a separate document).

grandchild and other out-of-pocket expenses solely for the intent and purpose of [T.A.V.'s] best interest, well-being, and long-term care." *Id.* at 5.

At some point thereafter, Plaintiffs allege that T.A.V. began residing with her mother, Alexandra Hayden ("Ms. Hayden"), Ms. Lieberman's daughter, at her home in Ada, Oklahoma. *Id.* On August 12, 2022, Ms. Hayden died in her residence, and T.A.V. was left alone with her mother's remains for approximately three days. *Id.* When Ms. Hayden's body was discovered, Mr. Paul, T.A.V.'s paternal uncle, obtained temporary guardianship of T.A.V. *Id.* Immediately thereafter, T.A.V. was taken to Tulsa, Oklahoma, where Ms. Walker, Mr. Paul's "longtime girlfriend," also obtained temporary custody of T.A.V. *Id.* According to Plaintiffs, Ms. Walker then "filed an application with inaccurate and false information . . . for permanent and exclusive guardianship of [T.A.V.]." *Id.*

Plaintiffs allege that, to date, Ms. Walker has failed to reimburse them for the money they spent "exclusively . . . for [T.A.V.'s] best interest." *Id.* at 6. Accordingly, Plaintiffs seek "equitable relief" from Defendants "to include nominal damages in the amount of $78,000.00 and [a] punitive [damages] award." *Id.* Furthermore, asserting their rights under the Due Process Clauses of the Fifth Amendment, Fourteenth Amendment, Texas Constitution, and Oklahoma Constitution, Plaintiffs assert a state law claim seeking visitation with T.A.V. *See id.*

According to Plaintiffs, the Court has diversity jurisdiction over their claim for monetary damages and supplemental jurisdiction over their claim seeking visitation with T.A.V. *See id.* at 1–3. As to their claim for monetary damages, Plaintiffs assert that they seek more than $75,000.00, satisfying the amount in controversy. *Id.* at 1. Furthermore, Plaintiffs assert that they are domiciled in Texas and Defendants are domiciled in Oklahoma; thus, according to Plaintiffs, the parties are completely diverse. *See id.* at 1–3. Finally, Plaintiffs assert that their claim for visitation is "closely

related" to their claim for monetary damages, indicating that the Court may exercise supplemental jurisdiction over this claim. *Id.* at 2.

On November 1, 2023, the District Judge referred this matter to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636 and Local Rule CV-72. *See* Dkt. 8. On December 4, 2023, Defendants filed the Motions to Dismiss (Dkts. 12–13). On January 7, 2024, Plaintiffs filed a response and, on January 12, 2024, Plaintiffs filed an amended response. *See* Dkts. 17; 19. On January 16, 2024, Defendants filed a reply to Plaintiffs' original response. *See* Dkt. 20. On January 19, 2024, Defendants filed a reply to Plaintiffs' amended response. *See* Dkt. 21.

On April 8, 2024, Ms. Lieberman filed a motion for summary judgment (the "Motion for Summary Judgment") (Dkt. 23), wherein she informed the Court that Mr. Lieberman had passed away. *See* Dkt. 23 at 1. As the "representative" of Mr. Lieberman's estate, Ms. Lieberman has since expressed her intent to continue prosecuting this action in his stead. *See* Dkts. 29–30.

## II.   LEGAL STANDARDS

### A.   Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, a federal court "must determine whether it has proper subject matter jurisdiction over every claim." *Insuremax Ins. Agencies, Inc. v. Shanze Enters., Inc.*, No. 13-cv-1231, 2013 WL 4014476, at *1 (N.D. Tex. Aug. 7, 2013) (citing *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 672 (5th Cir. 1978)). It is well established that the "party invoking federal subject-matter jurisdiction has [the] burden of pleading and proving it." *Maxwell v. Kight*, 974 F. Supp. 899, 902 (E.D. Tex.

4

1996) (citing *Epps v. Bexar-Medina-Atascosa Cntys. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). Such a party "has the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "In the Fifth Circuit, subject-matter jurisdiction determinations may be made using any one of the following bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Maxwell*, 974 F. Supp. at 902 (citing *Barrett Comput. Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989)).

**B.      Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "not bound to accept as true 'a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

**C.     Summary Judgment**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999) (citations omitted). The summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To sustain this burden, the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

6

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (emphasis omitted) (citing *Celotex*, 477 U.S. at 323). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citation omitted).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The citations to evidence should be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. Loc. R. CV-56(c); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks omitted).

"When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

### III.     ANALYSIS

**A.     Subject Matter Jurisdiction**

In the First Amended Complaint (Dkt. 3), Plaintiffs assert two claims against Defendants. *See* Dkt. 3 at 6. According to Plaintiffs, the Court has diversity jurisdiction over their claim for monetary damages and supplemental jurisdiction over their visitation claim. *See id.* at 1–3.[3] After careful consideration, the Court disagrees in part and concludes that it lacks subject matter jurisdiction over Plaintiffs' visitation claim pursuant to the domestic relations exception. *See* FED. R. CIV. P. 12(h)(3).

Federal courts have diversity "jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). However, even where these elements are satisfied, pursuant to the domestic relations exception, "federal courts lack jurisdiction to 'issue divorce, alimony, and child custody decrees.'" *Est. of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). Thus, "federal courts refuse to hear 'suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.'" *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978)). This exception is

---

[3] In their most recent response to the First Motion to Dismiss (Dkt. 12), Plaintiffs argue that the Oklahoma child custody proceeding, which awarded custody of T.A.V. to Mr. Paul and Ms. Walker, violated the Indian Child Welfare Act ("ICWA"), 25 U.S.C. §§ 1901–1963, as well as Texas and Oklahoma law. *See* Dkt. 19 at 1–2. Thus, Plaintiffs conclude that the custody proceeding should be invalidated. *Id.* at 5. The Court notes that Plaintiffs' live pleading does not invoke federal question jurisdiction and fails to assert any federal claims, including any claims arising under ICWA. *See* Dkt. 3. Furthermore, to the extent Plaintiffs intend to join additional parties and claims for the purpose of manufacturing federal jurisdiction, they must file a motion seeking leave to amend their pleading. *See supra* note 2. To date, Plaintiffs have not done so. For this reason, Plaintiffs have not stated a claim under ICWA and, thus, cannot establish federal question jurisdiction based on their unpleaded theories of recovery. *See Bishop v. Ware*, No. 17-cv-886, 2019 WL 2266637, at *5 n.8 (E.D. Tex. Jan. 16, 2019), *R. & R. adopted*, 2019 WL 1275336 (E.D. Tex. Mar. 20, 2019).

"founded on 'the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.'" *Rogers v. Janzen*, 891 F.2d 95, 98 (5th Cir. 1989) (quoting *Crouch*, 566 F.2d at 487).

In the present case, Plaintiffs invoke diversity jurisdiction over their claim for monetary damages, and supplemental jurisdiction over their claim seeking visitation with T.A.V. *See* Dkt. 3 at 1–2, 6. Because Plaintiffs' claim for monetary damages "does not require any federal court to issue a divorce, alimony, or child custody decree," the domestic relations exception does not "deprive" the Court of jurisdiction to hear that claim. *See Escalante v. Lidge*, 34 F.4th 486, 491 (5th Cir. 2022). However, Plaintiffs' claim for visitation certainly does. *See Congleton*, 919 F.2d at 1078. Furthermore, as discussed below, Plaintiffs cannot rely on supplemental jurisdiction to avoid the strictures of the domestic relations exception.

"The domestic relations exception obtains from the diversity jurisdiction statute and therefore it has no application where . . . there exists an independent basis for federal jurisdiction." *See United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997) (citations omitted). The instant case rests solely on diversity jurisdiction, and the Court lacks any other, independent basis to exercise original jurisdiction. *See* 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.2 (3d ed. 2024) ("Supplemental jurisdiction permits a federal court to entertain claims that do not invoke an independent basis of federal subject matter jurisdiction."). Thus, because the Court's original jurisdiction is based on diversity jurisdiction, Plaintiffs' custody claim is barred by the domestic relations exception, and the Court recommends that it be dismissed without prejudice on this basis. *See Falls v. Goldman Sachs Tr. Co., N.A.*, No. 16-cv-740, 2017 WL 6453662, at *14 (E.D.N.C. Dec. 18, 2017) (rejecting supplemental

jurisdiction over claims otherwise barred by the domestic relations exception because the basis of the Court's "original jurisdiction" was "grounded solely in diversity of citizenship").

In the First Motion to Dismiss (Dkt. 12), Defendants challenge the Court's subject matter jurisdiction over both of Plaintiffs' claims. *See* Dkt. 12. According to Defendants, the Court lacks subject matter jurisdiction because, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (the "UCCJEA"), "[t]he District Court of Tulsa County had, and has, exclusive and continuing jurisdiction over the now-general guardianship." Dkt. 12 at 4. Thus, Defendants assert that "there is no legal basis for a state or federal court in Texas to exercise jurisdiction over the purported claims of [Plaintiffs]." *Id.* at 5.[4] Plaintiffs fail to address Defendants' argument in their responsive briefing. *See* Dkts. 17; 19. The Court disagrees with Defendants.

Defendants assert that the UCCJEA—a uniform state law—abrogates diversity jurisdiction because Oklahoma courts have "exclusive and continuing jurisdiction" over the issues raised in this lawsuit. Dkt. 12 at 4. However, federal jurisdiction is solely defined by "the Constitution and the laws of the United States." *Randall v. Arabian Am. Oil Co.*, 778 F.2d 1146, 1150 (5th Cir. 1985). In other words, "federal diversity jurisdiction cannot be affected, restricted, or defeated by state legislation giving state courts exclusive jurisdiction over the matter involved." *Atlas R.R. Constr. Co. v. Columbus & Greenville Ry. Co.*, 190 F. Supp. 2d 908, 910 (N.D. Miss. 2002) (first

---

[4] Defendants also argue that the Court lacks federal question jurisdiction because "grandparents have no constitutional right to custody or visitation." Dkt. 12 at 5–6. Without federal question jurisdiction, Defendants assert that the Court lacks original jurisdiction over Plaintiffs' claims and, thus, cannot exercise supplemental jurisdiction. *Id.* at 6. But Plaintiffs—who have the burden of establishing subject matter jurisdiction—never invoke federal question jurisdiction. *See* Dkt. 3. Instead, Plaintiffs assert, albeit inartfully, that the Court has diversity jurisdiction over their state law claim for monetary damages and supplemental jurisdiction over their state law claim for visitation with T.A.V. *See id.* at 1–3. In any event, Plaintiffs' visitation claim, in and of itself, does not establish federal question jurisdiction. *See, e.g.*, *Janosek v. Gonzalez*, No. 17-cv-111, 2017 WL 3474104, at *3 (S.D. Tex. Aug. 11, 2017) (finding that "a dispute over child custody and child support, which are clearly state law claims," failed to confer federal question jurisdiction). Furthermore, no exceptions to this general rule are applicable here. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (permitting courts to exercise federal question jurisdiction where "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities" (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005))).

citing *Ry. Co. v. Whitton's Adm'r*, 80 U.S. 270, 286 (1871); and then citing *Akin v. La. Nat'l Bank of Baton Rouge*, 322 F.2d 749, 754 (5th Cir. 1963)); *cf. Marshall v. Marshall*, 547 U.S. 293, 312–14 (2006) ("Under our federal system, Texas cannot render its probate courts exclusively competent to entertain a claim of that genre."). Defendants cite no federal authority, and the Court finds none, dismissing a claim for lack of subject matter jurisdiction on the grounds that the courts of another state have exclusive jurisdiction pursuant to the UCCJEA. *See* Dkt. 12. For these reasons, the Court recommends that the First Motion to Dismiss (Dkt. 12) be denied. However, as discussed above, the Court further recommends that Plaintiffs' visitation claim be dismissed without prejudice for lack of subject matter jurisdiction pursuant to the domestic relations exception.

**B.    Failure to State a Claim**

In the Second Motion to Dismiss (Dkt. 13), Defendants argue that Plaintiffs "cite no legal basis in contract, tort, statute, or otherwise to support the claim that the court-ordered guardians are liable for any monetary damages for monies that [Plaintiffs] purportedly spent on T.A.[V]." Dkt. 13 at 7. Thus, Defendants argue that any claim for monetary damages should be dismissed for failure to state a claim. *Id.* at 8.[5] Plaintiffs fail to make any argument in response. *See* Dkts. 17; 19. The Court agrees with Defendants.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While this threshold is low, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). That is, the plaintiff must plead "factual content that allows

---

[5] Defendants also argue that Plaintiffs' visitation claim should be dismissed for failure to state a claim. *See* Dkt. 13 at 4–7. However, because the Court lacks subject matter jurisdiction over this claim, it declines to reach this argument.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In the present case, Plaintiffs allege that, while they maintained custody of T.A.V., they invested "$78,000.00 into home renovations exclusively tailored for the occupancy of their grandchild." Dkt. 3 at 4–5. Plaintiffs further allege that—multiple years later—Defendants obtained custody of T.A.V. from Ms. Hayden after she "unexpectedly died." *See id.* at 5. According to Plaintiffs, Defendants conducted a series of "unauthorized" custodial transfers and, eventually, obtained "permanent and exclusive guardianship of [T.A.V.]" based on "inaccurate and false information." *Id.* On this basis, Plaintiffs seek reimbursement for the money they spent on T.A.V. *Id.* at 6. Accepting these allegations as true, Plaintiffs fail to allege more than the "sheer possibility" that Defendants "acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Indeed, the Court cannot conceive of any claim which would entitle Plaintiffs to the relief sought; that is, it is implausible that Defendants could be held legally responsible for the renovations Plaintiffs made to their house. *See, e.g.*, *Shahrdar v. Tech Data Corp.*, No. 06-397, 2006 WL 1750955, at *1 (W.D. La. May 24, 2006) (recommending dismissal because the court could find "no legal theory" which "would permit relief to be granted"), *R. & R. adopted*, 2006 WL 8460203 (W.D. La. June 16, 2006). For this reason, as well as those discussed above, the Second Motion to Dismiss (Dkt. 13) should be granted to the extent it seeks dismissal of Plaintiffs' claim for monetary damages and denied in all other respects. *See supra* note 2.

C. **Summary Judgment**

While the Motions to Dismiss (Dkts. 12–13) remained pending, Ms. Lieberman filed the Motion for Summary Judgment (Dkt. 23), wherein she sought summary judgment on her claims, as well as all fees accumulated during these proceedings. *See* Dkt. 23. In light of the Court's

recommendation that the claims in the First Amended Complaint (Dkt. 3) should be dismissed, the Court recommends that the Motion for Summary Judgment (Dkt. 23) be denied as moot. *See, e.g.*, *Gaggos v. Walmart Distrib. Ctr. 7036*, No. 22-cv-567, 2022 WL 16952038, at *1 n.2 (S.D. Tex. Oct. 27, 2022) (recommending a motion for summary judgment be denied as moot because the court also recommended dismissal and repleading), *R. & R. adopted*, 2022 WL 16950280 (S.D. Tex. Nov. 15, 2022).[6]

**D.     Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds that permitting Ms. Lieberman leave to amend her pleading is warranted. First, Ms. Lieberman is proceeding *pro* se, and this is the first time the Court

---

[6] The Court also notes that Ms. Lieberman's request for attorney fees is improperly included in the Motion for Summary Judgment (Dkt. 23). *See* LOC. R. CV-7(a); *supra* note 2. In any event, Ms. Lieberman provides no basis in law or fact indicating that she may recover attorney fees in this action. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (5th Cir. 2001) ("In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975))). Furthermore, "plaintiffs in the Fifth Circuit cannot recover attorney's fees under any type of claim when they proceed on their own behalf." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) (citing *Vaksman v. Comm'r of Internal Revenue*, No. 02-60062, 2002 WL 31730351, at *3 (5th Cir. Nov. 21, 2002)).

has addressed the sufficiency of the allegations. Second, the factual and legal basis supporting Ms. Lieberman's claim for monetary damages is threadbare and, frankly, confusing. After careful consideration, the Court cannot identify the legal basis for this claim, nor why the factual allegations entitle her to reimbursement for funds spent to benefit T.A.V. Given this ambiguity, and out of an abundance of caution, the Court recommends that Ms. Lieberman be given leave to amend her complaint.

In addition, the Court notes that, as the representative of Mr. Lieberman's estate, *see* Dkt. 29, Ms. Lieberman should file a motion seeking to substitute the "proper party" in place of her now-deceased husband. *See* FED. R. CIV. P. 25(a); *see also Harvey v. United States*, No. 21-cv-4, 2022 WL 4653739, at *2 (N.D. Tex. Mar. 28, 2022) ("Executors, administrators, and primary distributes of a decedent-plaintiff's estate are proper parties under Rule 25." (citing *Janvey v. Adams & Reese, LLP*, No. 12-cv-495, 2014 WL 12834493, at *2 (N.D. Tex. Oct. 3, 2014))), *R. & R. adopted*, 2022 WL 4657766 (N.D. Tex. Sept. 30, 2022). Furthermore, to the extent that the proper party is Ms. Lieberman, as the representative of her husband's estate, *see Armes v. Thompson*, 222 S.W.3d 79, 82 (Tex. App.—Eastland 2006, no pet.), the Court notes that "those not licensed to practice law may not represent the legal interests of others." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)). Thus, if Ms. Lieberman intends to substitute herself as the proper party in place of her husband in a representative capacity, and further intends to continue proceeding *pro se*, she must allege that she is "the only beneficiary and the estate has no creditors." *Id.* at 211. Otherwise, Mr. Lieberman's claim is subject to dismissal without prejudice. *See, e.g.*, *Rathbone v. Bank of N.Y. Mellon*, No. 17-cv-1828, 2018 WL 615084, at *3 (S.D. Tex. Jan. 9, 2018), *R. & R. adopted*, 2018 WL 588363 (S.D. Tex. Jan. 29, 2018); *Seilheimer v. Soundview Home Loan Tr. 2006-OPT2*,

No. 22-cv-681, 2022 WL 17167952, at *2–3 (N.D. Tex. Oct. 3, 2022), *R. & R. adopted*, 2022 WL 17168361 (N.D. Tex. Nov. 21, 2022).

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends that the First Motion to Dismiss (Dkt. 12) be **DENIED**.

The Court further recommends that Plaintiffs' visitation claim be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction..

The Court further recommends that the Second Motion to Dismiss (Dkt. 13) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Second Motion to Dismiss (Dkt. 13) should be **GRANTED** to the extent that it seeks dismissal of Plaintiffs' claim for monetary damages, and **DENIED** to the extent it requests attorney fees. Accordingly, the Court recommends that Plaintiffs' claim for monetary damages be **DISMISSED WITHOUT PREJUDICE**, and Ms. Lieberman be given leave to file an amended complaint with respect to this claim, rectifying the deficiencies identified herein, no later than thirty (30) days after the entry of the Memorandum Adopting Report and Recommendation, if any. If Ms. Lieberman fails to timely file an amended complaint, her claim for monetary damages should be **DISMISSED WITH PREJUDICE**.

The Court further recommends that the Motion for Summary Judgment (Dkt. 23) be **DENIED AS MOOT**.

Within thirty (30) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of August, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE