IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KATHLEEN D. LIEBERMAN and MARK J. LIEBERMAN,  Plaintiffs, v. JUSTIN PAUL and WENDY WALKER,  Defendants. | No.: 4:23-CV-00887 |

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants Justin Paul and Wendy Walker move the Court to sanction Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure. In support of their motion, Defendants state as follows:

### STATEMENT OF FACTS

1. On October 5, 2023, Plaintiffs filed a complaint and, on October 13, 2023, an amended complaint against Defendants for $78,000 in monetary damages plus punitive damages for purported renovations that Plaintiffs made to their home for T.A.J., their granddaughter. Am. Compl., ECF No. 3 at 5-6. Plaintiffs also sought an order from the Court compelling Defendants to provide visitation with T.A.J. Am. Compl., ECF No. 3 at 6.

2. First, with respect to Plaintiffs' claim for monetary damages for home renovations, Plaintiffs provided no legal theory to support their claim. Am. Compl., ECF No. 3 at 6. Plaintiff Mark Lieberman, who passed last year, was an attorney licensed in the state of Texas. Notice, ECF No. 29; Am. Compl., ECF No. 3 at 3. Plaintiff Kathleen Lieberman later admitted to the Court that they filed the action "to simply request that the Honorable US Court of The Eastern District of Texas compel the Defendants to provide visitation with our Grand Daughter, whom

resided with us as recent as 8 months before our daughter died." Mot., ECF No. 23 at 2. In other words, Ms. Lieberman admitted that the claim for monetary damages was baseless and frivolous. Plaintiffs used the baseless monetary claim to invoke the diversity jurisdiction of the federal court. R. & R., ECF No. 40 at 8-10.

3. In the revised Report and Recommendation of the U.S. Magistrate Judge, the Court advised that it could not "conceive of any claim which would entitle Plaintiffs to the relief sought; that is, it is implausible that Defendants could be held legally responsible for the renovations Plaintiffs made to their house." R. & R., ECF No. 40 at 12. The U.S. Magistrate Judge recommended that the claim be dismissed without prejudice, giving Ms. Lieberman 30 days to rectify the deficiencies. *Id.* at 15. The Magistrate Judge also gave the parties 14 days to file and serve any objections. *Id.* at 15-16.

4. On August 15, 2024, Ms. Lieberman filed an Objection to the Findings, Conclusions and Recommendation in which she requested 30 days, rather than 14, to rectify the deficiencies in the amended complaint due to the passing of her husband/co-plaintiff, Mark Lieberman. Obj., ECF No. 37. The Court granted the additional time. Order, ECF No. 39 and Am. R. & R., ECF No. 40.

5. However, Ms. Lieberman did not use the additional time to rectify the deficiencies in her filings in this court. Instead, she filed motions and petitions in other state courts, including in the Oklahoma Supreme Court attempting to invoke the court's original jurisdiction. *See Charles and Ericka Sprabary, Trevor Jester, and Kathleen Lieberman, maternal grandmother, Petitioners v. Hon. Kurt G. Glassco, Respondent, and Wendy Walker, Real Party in Interest,* No. 122500 (Okla. Sup. Ct.) (http://oscn.net). The Oklahoma Supreme Court denied their petition. *Id. See* Order, Ex. 1.

Furthermore, while this case was pending, Plaintiffs filed yet another complaint in the U.S. District Court for the Eastern District of Texas in which they make the same allegations as in their Motions to Terminate Guardianship (ECF Nos. 17 and 19) and their Motion for Summary Judgment (ECF No. 23).  *See Trever Jester, et al. v. Justin Paul and Wendy Walker*, No. 4:24-cv-283 (N.D. Okla. filed Mar. 7, 2024) (originally filed in the U.S. District Court for the Eastern District of Texas but transferred to the Northern District of Oklahoma).  *See* Petition, Ex. 2.

6.  Second, with respect to Plaintiffs' claim for court-ordered visitation, the Court advised that "'federal courts lack jurisdiction to 'issue divorce, alimony, and child custody decrees.'. . . Thus, 'federal courts refuse to hear 'suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.'" R. & R., ECF No. 40 at 8-9.  The Court further advised that this "exception is 'founded on 'the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.'" *Id.* (citations omitted).  With no exceptions pled or applicable, the U.S. Magistrate Judge recommended that Plaintiffs' claim for visitation be denied with prejudice for lack of subject-matter jurisdiction.  *Id.* at 15.

7.  The United States District Court adopted the Report and Recommendation, and gave Plaintiffs until December 2, 2024, to file an amended complaint to rectify the deficiencies. Mem., ECF No. 43.  They did not.[1]

---

[1] After Mark Lieberman passed, Kathleen Lieberman advised the Court that she was the representative of his estate relative to the claims against Defendants.  Notice, ECF No. 29; *see also*, R. & R. (ECF No. 40, at 14-15).

3

## ARGUMENT AND AUTHORITIES

Rule 11 of the Federal Rules of Civil Procedure states, in part, that: (1) representations by a party *must not* be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) claims *must* be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) "the factual contentions [must] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery". Fed. R. Civ. P. 11(b)(1), (2), (3). Rule 11 further provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

    **A.**    **Plaintiffs' Claim for Compensatory and Punitive Damages for Renovations to Their Home Was Baseless, Frivolous, Unsupported, and Improper in Violation of Rule 11(b)(1), (2), and (3)**

The central purpose of Federal Rule 11 is "to deter *baseless* filings and streamline the administration and procedure of the federal courts." *Bullard v. Chrysler Corp.*, 925 F. Supp. 1180, 1191 (E.D. Tex. 1996) (emphasis added) (*quoting Cooter & Gell v. Hartmarx Corp,* 496 U.S. 384, 393 (1990)); *see also*, *Cordova v. Univ. Hosp. & Clinics, Inc.*, 92 F.4th 266, 273 (5th Cir.), *cert. denied sub nom. Mire v. Univ. Hosp. & Clinics, Inc.*, 144 S. Ct. 2608 (2024); *Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-CV-281, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024).

4

Ms. Lieberman admitted to the Court that the purpose of filing the complaint was to "compel the Defendants to provide visitation" – admitting that the claim for compensatory and punitive damages for purported renovations to their house was baseless, frivolous, without evidentiary support, and improper. First Mot. Summ. J., ECF No. 23 at 2. Ms. Lieberman provided the sworn affidavit to support the claims. Aff. K. Lieberman, ECF Nos. 3-1 and 1-2. The Court found "no plausible basis" for the Plaintiffs' monetary claims. R. & R., ECF No. 40 at 11-12; ECF. No. 40. Without that baseless, frivolous, unsupported, and improper claim, Plaintiffs had no basis to invoke the jurisdiction of the Court. *Id.* at 8-10; Mot., ECF No. 40.

Further, Plaintiffs made *no* attempt to defend the monetary claim. In their Motion to Invalidate Guardianship (ECF Nos. 17 and 19), which they filed as their response and amended response to Defendants' Motion to Dismiss (ECF No. 13), Plaintiffs did not defend – or even mention – the claim for purported renovations to their house; instead, they used their "response" to attempt to broaden the case to encompass additional claims, petitioners, and issues. *See* Mot's., ECF Nos. 17, 19, 19-1. Following Mark Lieberman's passing, Plaintiff Kathleen Lieberman continued to assert the claims in a Motion for Summary Judgment filed three months later – again, making no effort to assert or defend their claim for damages for purported renovations. *See* Mot., ECF No. 23.

Because Plaintiffs admitted that the claim for monetary damages for home renovations was baseless, frivolous, unsupported, and improper; the Court found "no plausible basis" for the claim; the claim served as the basis for Plaintiffs to invoke federal court jurisdiction; Plaintiffs made no effort to defend the claim; and Defendants were forced to defend the action, the Court should sanction Plaintiffs pursuant to Rule 11 (a), (b), and (c) by awarding Defendants their attorney's

5

fees, costs, and expenses, and a penalty sufficient to deter Plaintiffs from filing yet another action based on the bogus and baseless claims.

### B. Plaintiffs' Claim for Visitation Was Baseless, Frivolous, Unsupported, and Improper in Violation of Rule 11(b)(1), (2), and (3)

Plaintiffs claimed that Defendant Wendy Walker refused to allow them visitation with the Minor Child in violation of their constitutional rights. Am. Compl., ECF No. 3 at 6. They repeated this assertion in subsequent filings. *See* Mot., ECF No. 19 at 10-11; Mot., ECF No. 23 at 21. They asserted that Defendants/Co-Guardians Wendy Walker and Justin Paul "were ordered to bring [the Minor Child] to Texas" for court-ordered visitations. First Resp., ECF No. 17 at 5. However, Plaintiffs provided no order from the Tulsa County District Court to support their claim because the Tulsa County District Court did not order Defendants to bring T.A.J. to Texas for visitations with Plaintiffs.

The Tulsa County District Court *did* order visitation *between T.A.J. and Putative Father Trever Jester*, but it was up to *Mr. Jester* as to whether *he* would include Plaintiffs in his supervised visits in Texas. However, Mr. Jester never followed through with any visitations despite Defendants' attempts to arrange such visitations. Aff., Justin Paul, Ex. 3. Thus, in addition to there being no legal basis for Plaintiffs' claims in federal court (R. & R., ECF No. 40 at 8-9), there was no factual basis for Plaintiffs' claim that Defendants denied them court-ordered visitation.

In sum, because there was no legal basis for the federal court to exercise jurisdiction over the claim nor any factual basis for the claim, the Court should sanction Plaintiffs pursuant to Rule 11(b) (1), (2), and (3) by awarding Defendants their attorney's fees, costs, and expenses, and a penalty sufficient to deter Plaintiffs from filing yet another action based on the baseless, frivolous, unsupported, and improper claims.

6

    **C.**     **Plaintiff Kathleen Lieberman Should be Sanctioned Under Rule 11(b)(2) Because She Continued to Pursue the Claims as a *Pro Se* Party and Representative of Plaintiff Mark Lieberman's Estate**

Rule 11 states that "an attorney or unrepresented person certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Fed. R. Civ. P. 11(b)(2). However, a court may not impose monetary sanctions against a represented party for a violation of section (b)(2). Fed. R. Civ. P. 11(c)(5).

Before his passing, Plaintiff Mark Lieberman represented to the Court that he, as an attorney, represented the interests of Plaintiff Kathleen Lieberman. Am. Compl., ECF No. 3 at 3. After Mark Lieberman passed, Kathleen Lieberman advised the Court that she was the representative of his estate relative to the claims against Defendants. Notice, ECF No. 29; *see also*, R. & R. (ECF No. 40, at 14-15). Ms. Lieberman continued to pursue the claims against Defendants as a *pro se* party and as the representative of Mark Lieberman's estate. *See e.g.,* Mot., ECF No. 23. Thus, while Rule 11 states that a monetary sanction must not be imposed against a represented party for Rule 11(b)(2) violations, because Ms. Lieberman continued to pursue the claims *pro se* and as the representative of Mark Lieberman's estate – even after admitting that the claim for monetary damages was baseless and frivolous – she should not be considered a represented party under Rule 11 (b)(2) and (c)(5).

However, should the Court not find Ms. Lieberman in violation of Rule 11(b)(2), Defendants respectfully request that the Court find Ms. Lieberman in violation of Rule 11(b)(1) and (3).

7

## CONCLUSION

Because Plaintiffs' claims against Defendants were baseless, frivolous, unsupported, and improper – and Defendants were forced to defend the action – the Court should sanction Plaintiffs by awarding Defendants their attorney's fees, costs, and expenses, and a penalty sufficient to deter Plaintiffs from filing yet another action based on the bogus claims.

Dated: _____

Respectfully submitted,

/s/ David C. Youll
David C. Youll, OBA No. 16553
Attorney and Counselor at Law
Welsh & McGough, PLLC
Midway Building
2727 E. 21st St., Ste. 600
Tulsa, Oklahoma 74114
Telephone:  918.585.8600
Telefax:  918.794.4411
david@tulsafirm.com
www.tulsafirm.com

Attorney for Defendants
Justin Paul and Wendy Walker

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the above and foregoing motion was filed via the Court's CM/ECF system on January 13, 2025, which caused an electronic copy of the same to be served on the following party or, if no access to CM/ECF, mailed via USPS First Class Mail, postage fully prepaid and affixed thereto to the following party:

Kathleen Lieberman
1704 Pine Hills Lane
Corinth, Texas  76210
kathleen.lieberman@yahoo.com
*Via USPS First Class Mail*

                                        /s/ David C. Youll
                                        David C. Youll